**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 08-CR-20650-COOKE(s)(s)**

**UNITED STATES OF AMERICA**

vs.

**MICHAEL RENARDO JOHNSON,**
    a/k/a "Jay,"
**ANTONIO L. ROBERTS, and**
**GLEN ROBERTS,**

    **Defendants.**
_____/

**UNITED STATES' MOTION FOR PRETRIAL ADMISSIBILITY HEARING OF CD-ROMS AND TRANSCRIPTS AND MOTION IN *LIMINE* TO PRECLUDE DEFENDANTS FROM INTRODUCING RECORDED HEARSAY STATEMENTS**

    The United States, by and through its undersigned counsel, moves this court for an order (i) scheduling a pre-trial admissibility hearing of recordings and transcripts pursuant to Fed.R.Evid. 104(a) and (ii) precluding the defendants from introducing their own recorded hearsay statements and/or the recorded hearsay statements of others.

**Pre-Trial Admissibility Hearing**

    1.    The government intends to play at trial approximately 50 telephone calls derived from three court-ordered wiretaps, the "Coney Wire," "Johnson Wire" and "King Wire." The Coney and Johnson Wires were administered by the Federal Bureau of Investigation and the King Wire was administered by the Miami-Dade Police Department in conjunction with the Miami-Dade State Attorney's Office. All of these calls are in English and the government has prepared and produced transcriptions of the calls.

    2.    The foundation for authentication of the wiretap recordings that will be used in this

case follows the procedures set forth in United States v. Rengifo, 789 F.2d 975, 978 (1st Cir. 1986). The agents supervising the wiretap will testify that the equipment used to intercept the telephone calls was in proper working order. The wiretapping equipment stores digital recordings of the intercepted calls in a computer hard drive that cannot be altered or edited. The recorded calls are then permanently recorded onto a special optical disk that cannot be altered or edited. This original optical disk has been sealed by the court pursuant to the requirements of the wiretap statute. The audio recordings were then copied from the computer hard drive onto CD-Roms which contain identical copies of the wiretap recorded calls. The government intends to move into evidence selected recordings of telephone calls made from the computer hard drive. These recordings are identical to the conversations recorded by the wiretap equipment. See United States v. Devous, 764 F.2d 1349 (10th Cir. 1985) (properly authenticated re-recordings are "duplicates" under FRE 1001(4)); see also United States v. Rengifo, 789 F.2d 975, 979-80 (1st Cir. 1986) (composite recordings are admissible when derived from original recordings).

3. The foundation for authentication of the transcripts of recorded calls will consist of the testimony of a federal agent and/or a member of the Miami-Dade Police Department. This witness(s) will testify that he has reviewed the transcripts and that they are accurate reproductions of the words spoken on the recordings.

4. The procedure to be used with regard to transcripts and their accuracy is set forth in United States v. Cruz, 765 F.2d 1020, 1023 (11th Cir. 1985). There, the court, citing United States v. Onori, 535 F.2d 938 (5th Cir. 1976), stated:

> Initially, the district court and the parties should make an effort to produce an 'official' or 'stipulated' transcript, one which satisfies all sides. If such an official transcript cannot be produced, then each side should produce its own version of a transcript or its own version of

>the disputed portions.  In addition, each side may put on evidence supporting the accuracy of its version or challenging the accuracy of the other side's version.

5. The authentication of the tapes and transcripts is a factual issue to be decided by the Court, not the jury, by a preponderance of the evidence. Fed. R. Evid. 104. Specifically, the foundation for wiretap evidence need not be made in the presence of the jury. Id. In the interest of judicial economy and to prevent a prolonged trial, the government requests that the court hold a pre-trial hearing, pursuant to Fed.R.Evid. 104(a), on the issue of authentication of the recordings and the transcripts.

6. In the alternative, the undersigned invites defense counsel to stipulate to the authentication of the recordings and transcripts.

## Motion In *Limine* to Preclude Defendants from Introducing Recorded Hearsay Statements

7. The government anticipates that the defendants will seek to introduce into evidence wiretap recordings not offered by the government. These recorded conversations are inadmissible hearsay when offered by the defense. Moreover, introduction of such recordings by the defense violates Fed.R.Evid. 403.

8. When offered by the defense, a defendant's own out-of-court statements – like any other out-of-court statements – are hearsay, which is forbidden by Fed.R.Evid. 802. While Fed.R.Evid. 801(d)(2) permits the introduction of out of court statements of a party-opponent, this exception does not apply as the defendants are not party-opponents *to themselves*. See Wright & Miller, Federal Practice and Procedure § 6715 ("Relevant admissions of a party, whether consisting of oral or written assertions or nonverbal conduct, are admissible *when offered by an opponent*.") (emphasis added); see also United States v. Gossett, 877 F.2d 901, 906 (11th Cir. 1989) (holding

evidence inadmissible under Rule 801(d)(2) "because the admission sought to be introduced was made by a co-defendant who is not a party opponent. The Government is the party opponent of both defendants.").

9.  In United States v. Bond, 87 F.3d 695, 699-700 (5th Cir. 1996), the Fifth Circuit discussed a similar attempt by a defendant to introduce an audio-taped statement he himself had made:

> The magistrate judge initially admitted into evidence a transcript of the tape Bond made while a fugitive, but later reversed himself and held that the transcript constituted inadmissible hearsay. We agree with the magistrate's ultimate result. The transcript was not admissible under Fed.R.Evid. 801(d)(1)(B) because Bond did not testify. It was not admissible as an admission by a party-opponent because it was not "offered against a party" within the meaning of Fed.R.Evid. 801(d)(2); Bond offered the transcript to benefit himself. The transcript was hearsay, fell within no hearsay exception, and the magistrate judge correctly excluded it from evidence.

Id. The same reasoning applies here.[1]

10.  Introduction by the defense of the defendant's own oral statements would also violate Rule 403. If the defendant does not testify, admitting the statements would plainly confuse and mislead the jury and unfairly prejudice the United States because the United States cannot cross examine prior, unsworn, out-of-court statements. If the defendant does testify, jurors will have ample opportunity to assess the credibility of his testimony. In addition, it is well-settled that "a witness cannot be corroborated on direct or redirect examination or rebuttal by proof of prior

---

[1] Even if the defendant testifies in a manner consistent with his prior oral statements, the hearsay exception in Rule 801(d)(1)(B) would not necessarily apply. The only way that the defendant's prior consistent statements may be admissible is if the United States' impeachment of the defendant's testimony will turn on an allegation of *recent* fabrication as required by the rule. See Fed. R. Evid. 801(d)(1)(B). That, however, remains to be seen if and when the defendant testifies.

statements consistent with his in court testimony. Whatever inherent probative value such consistent statements may have is felt to be insufficient when viewed in light of trial concerns." Wright & Miller § 703 (citing Rule 403); see also United States v. McCulley, 178 F.3d 872, 876 (7th Cir. 1999) (no error in refusing to admit testifying defendant's own prior statement and observing that "[i]t is, of course, improper to admit a previous statement for the mere purpose of bolstering a statement made at trial"); United States v. Acker, 52 F.3d 509, 517 (4th Cir. 1995)  ("The testimony as to Holly's out-of-court statement to Rozzi was admitted solely to corroborate what Holly testified to 'in the courtroom today.'  A prior consistent out-of-court statement of a witness is not admissible for this purpose.").

11. The same analysis applies to recorded conversations between persons other than a defendant.  Such recordings are hearsay and are inadmissible pursuant to Fed.R.Evid 802 when offered by the defense.  These statements are also not admissible under Fed.R.Evid. 801(d)(2) as the defendant is not a party opponent to the declarant.

## Conclusion

For the foregoing reasons, the United States respectfully requests that the Court hold a pre-trial hearing on the issue of authentication of the recordings and the transcripts and that the Court preclude the defendants from introducing recorded hearsay statements.

Respectfully submitted,

JEFFREY H. SLOMAN
ACTING UNITED STATES ATTORNEY

By:  /s/ Michael E. Sofia
Michael E. Sofia
Assistant United States Attorney
Court ID# A5501184
99 Northeast 4th Street
Miami, Florida 33132-2111
Tel: (305) 961-9208
Fax: (305) 536-7213
E-Mail: michael.sofia@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 12, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF

 /s/ Michael E. Sofia
Michael E. Sofia
Assistant United States Attorney